UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GIA LEWIS GROWS | CIVIL ACTION |
| VERSUS | NO: 22-794 |
| UNION CARBIDE CORP., ET AL | SECTION: "S" (5) |

### ORDER AND REASONS

Before the court is the **Motion to Dismiss Under Rule 12(b)(6)** (Rec. Doc. 4) filed by defendants, The Dow Chemical Company and Union Carbide. This case arises out of alleged exposure to ethylene oxide ("EtO") emitted by a petrochemical plant owned and operated by defendants. Plaintiff has sued defendants for negligence, battery, and nuisance under Louisiana Civil Code articles 667-669, alleging that EtO exposure by the defendants caused her breast cancer. Defendants seek dismissal of plaintiff's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

In <u>Ellis v. Evonik Corp.</u>, No. 21-1089, 2022 WL 1719196 (E.D. La. May 27, 2022), a matter identical in many relevant respects to the case at bar, another section of this court recently issued a ruling on a motion similar to the one now before this court. In that ruling, the court dismissed plaintiff's battery claim, denied the motion to dismiss plaintiff's nuisance claim, and dismissed plaintiff's negligence claim without prejudice and instructions to amend, if possible, to cure shortcomings in the negligence allegations.

The undersigned ordered plaintiff's counsel to file a supplemental memorandum setting

forth any ways in which the present case is distinguishable from Ellis, that would dictate a result herein different from that in Ellis.

Plaintiff responded acknowledging that while the instant matter includes a few distinguishing factual allegations, the First Amended Complaint in this case does not differ dramatically from the original Ellis petition with respect to the factual allegations supporting a general negligence claim under Louisiana law. Accordingly, plaintiff offered to amend the complaint herein to expand the negligence allegations herein, as it has done in a related case. Plaintiff conceded that there is nothing that distinguishes plaintiff Grows' battery claim against defendants from the plaintiff's claims in Ellis.

The cases appearing analagous in all critical respects, the court adopts the reasoning set forth in the Ellis opinion. Accordingly,

**IT IS HEREBY ORDERED** that defendants' **Motion to Dismiss Under Rule 12(b)(6)** (Rec. Doc. 4) is **GRANTED in part** as to plaintiff's negligence and battery claims, and **DENIED in part** as to plaintiff's nuisance claim under articles 667-669 of the Louisiana Civil Code;

**IT IS FURTHER ORDERED** that plaintiff is granted leave to amend her complaint with respect to the duty allegedly breached by the defendants, in support of her claim for negligence under article 2315 of the Louisiana Civil Code. Any amended complaint shall be filed within **twenty-one (21) days** from the entry of this order;

**IT IS FURTHER ORDERED** that plaintiff's battery claim is **DISMISSED** with prejudice.

New Orleans, Louisiana, this  23rd  day of June, 2022.

_____
   **MARY ANN VIAL LEMMON**
   **UNITED STATES DISTRICT JUDGE**