UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GIA LEWIS GROWS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-794** |
| **UNION CARBIDE CORP., ET AL** | **SECTION: "S" (5)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Under Rule 12(b)(6)** (Rec. Doc. 19) filed by defendants, The Dow Chemical Company and Union Carbide, is **DENIED**.

This case arises out of alleged exposure to ethylene oxide ("EtO") emitted by a petrochemical plant near Hahnville, Louisiana, owned and operated by defendants. Plaintiff, a 47-year old woman, has lived near the facility for decades. She sued defendants for negligence, battery, and nuisance under Louisiana Civil Code articles 667-669, alleging that EtO exposure by the defendants caused her breast cancer. Defendants moved to dismiss plaintiff's original complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Citing the decision in another section of this court in a nearly identical case, <u>Ellis v. Evonik Corp.</u>, No. 21-1089, 2022 WL 1719196 (E.D. La. May 27, 2022), the court dismissed plaintiff's battery claim, denied the motion to dismiss plaintiff's nuisance claim, and dismissed plaintiff's negligence claim without prejudice and instructions to amend, if possible, to cure shortcomings in the negligence allegations.

Plaintiff has now filed a second amended complaint adding allegations concerning the standard of care allegedly breached by defendants, citing the Louisiana Administrative Code

(which plaintiff refers to in her pleadings as the Louisiana Environmental Regulatory Code). In the instant motion, defendants argue that notwithstanding the expanded allegations, plaintiff still fails to allege a specific duty or breach of that duty.

This case involves the same facility, same defendants, and same attorneys as <u>Berthelot v. Unition Carbide Corp.</u>, No. 22-7793 ((E.D. La.). The second amended complaint filed in both is nearly identical. As in <u>Berthelot</u>, Grows' second amended complaint includes allegations regarding the standard of care allegedly breached by defendants, specifically, L.A.C. 33:111.905 and 33:111.2121. The court in <u>Berthelot</u> denied defendant's second motion to dismiss, finding that the expanded negligence allegations therein sufficiently alleged a duty and a breach of that duty. <u>Berthelot v. Union Carbide Corp.</u>, 2022 WL 3280100 (E.D. La. Aug. 11, 2022).

This court finds that there is no material difference between the <u>Berthelot</u> complaint and the complaint herein, and the defendants have based their motion to dismiss the instant complaint on the same grounds as those argued in <u>Berthelot</u>. Therefore, the court adopts the reasoning in <u>Berthelot</u>, and finds that the second amended complaint herein includes sufficient allegations to state a plausible claim for relief. Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss Under Rule 12(b)(6)** (Rec. Doc. 19) filed by defendants, The Dow Chemical Company and Union Carbide, is **DENIED**.

New Orleans, Louisiana, this __6th__ day of September, 2022.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**